IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA KNEPPER, #A4007549, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA MUELLER, *et al.*, <br><br> Defendants. | CIVIL NO. 24-00499 DKW-KJM <br><br> ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS |

Before the Court is a Request to Proceed In Forma Pauperis filed by pro se Plaintiff Joshua W. Knepper.[1]  ECF No. 2.  Knepper's Request is DENIED as incomplete.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed in forma pauperis requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account

---

[1] Knepper is currently incarcerated at the Oahu Community Correctional Center.  *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A4007549"; and select "Search") (last visited Nov. 26, 2024).

statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner must submit trust account statements from each institution where he was confined during the relevant six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/cms/assets/396130e1-69c4-4d0b-8188-3a7dab791e9e/Information_and_IFP.pdf (last visited Nov. 26, 2024). This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months. *See id.*

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C.

§ 1915(b)(1).  The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.  These payments continue until the filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(2).  The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis.  *Bruce*, 577 U.S. at 84.  Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially.  *See id.*

Here, Knepper's Request is incomplete.  Knepper did not use the court-approved form, and the Request does not include: (1) a financial certificate and consent to collection of fees; (2) a completed certificate by the warden or other appropriate officer of the institution in which Knepper is confined; or (3) account statements showing all deposits and withdrawals to Knepper's prison account during the six-month period preceding the commencement of this action.  *See* ECF No. 2.  Specifically, Knepper provides account statements for only February, April, and August.  Because Knepper commenced this lawsuit on November 6, 2024, he must provide account statements for each month dating back to May 6, 2024.  If Knepper was not incarcerated during the entire six-month period preceding the commencement of this action, he must make this clear in any complete in forma pauperis application that he files.

3

Knepper is DIRECTED to promptly submit a complete IFP Application. Failure to do so, or to pay the filing fee in full, by **December 26, 2024** will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any pending or future filings in this action until Knepper addresses the deficiencies set forth in this Order.

## CONCLUSION

(1) Knepper's Request to Proceed In Forma Pauperis, ECF No. 2, is DENIED without prejudice as incomplete.

(2) Knepper is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application by **December 26, 2024**.

(3) The Clerk is DIRECTED to send Knepper an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: November 26, 2024 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

*Joshua Knepper v. Joshua Mueller*, et al.; Civil No. 24-00499 DKW-KJM;
**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS**